UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **TIMOTHY McKINNEY,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| v. | ) | No. 3:05cv0437 AS |
| | ) | |
| **DOUGLAS J. HUYVEART,** | ) | |
| **Superintendent,** | ) | |
| | ) | |
| **Respondent** | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about July 21, 2005, *pro se* petitioner, Timothy McKinney, an inmate at the Chain O'Lakes Correctional Facility (hereafter "COCF") near Albion, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on November 29, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on December 8, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the COCF. He was the subject of a prisoner disciplinary proceeding entitled cause number COL 05-01-0001, which involved use and possession of cigarettes. This is part of the ongoing effort of the Indiana Department of Corrections to render institutions smoke-free, at least as far as the inmate population is concerned. The sanction here was a deprivation of 15 days of earned

time credit which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974), if only barely so. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Apparently this petitioner has had two go-arounds at these proceedings. According to the record in this case, the proceedings were had beginning very early in January this year. Specifically, there were disciplinary proceedings before a CAB on January 11, 2005. That CAB recommended a week of dorm restriction which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995), but also recommended a 15-day deprivation of earned time credit which does implicate *Wolff*. However, this petitioner was re-screened and a fresh charge was instituted in or around January 11, 2005. He pled not guilty, requested a lay advocate and apparently requested Officer Bernard and offender Sidwell as witnesses.

Another CAB hearing was held on or about January 19, 2005, and this petitioner was found guilty of possession of one cigarette or less. The sanctions imposed in the first proceeding were re-imposed. This petitioner successfully appealed that decision to the Facility Head and yet another proceeding commenced in March 2005. Once again, this petitioner entered a plea of not guilty, requested a lay advocate and again asked for Officer

2

Bernard and offender Sidwell as witnesses. A new and fresh CAB was convened in or around March 15, 2005. That CAB again found this petitioner guilty and recommended seven days of dorm restriction and 15 days deprivation of earned time credit. That charge survived Facility Head and Final Reviewing Authority actions.

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The evidence in this final proceeding insufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

It is perfectly obvious from this record that the Bureau of Prisons has its hands full in trying to enforce the no-smoke regulation as to inmates. It seems to this court that this petitioner had due process in abundance here. He has made an inadequate showing that he was denied an impartial decision maker, especially since he got a new and fresh CAB in the last go-around here. There is simply no showing that the standards enunciated in *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984) were violated.

The involvement of Sergeant Temple deserves close attention. He acted as the

3

screening officer which was altogether appropriate.  There is no indication that he strip-searched this petitioner or initialed any charges against him, or conducted an investigation into this incident.  Upon careful review, the final decision of the CAB before this court is affirmed.

This court has given close attention to the handwritten document filed here by this petitioner, Timothy McKinney on December 7, 2005, which basically makes a factual argument and refers to *Superintendent*.  The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  December 9, 2005

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**